**CITY OF LUFKIN, TEXAS, Defendant-Appellant,**

v.

**Benjamin F. GIBSON et al., Plaintiffs-Appellees.**

**No. 71–1461.**

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1971.

Robert L. Flournoy, City Atty., City of Lufkin, Walter L. Borgfeld, Jr., Lufkin, Tex., Roby Hadden, U. S. Atty., C. Houston Abel, Asst. U. S. Atty., Tyler, Tex. Renfrow, Zeleskey, Cornelius, Rogers & Berry, Lufkin, Tex., for defendant-appellant.

Donald Carroll, Mike A. Hatchell, and Ramey, Brelsford, Flock, Devereux and Hutchins, Tyler, Tex., for plaintiffs-appellees.

Before JOHN R. BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

BY THE COURT:

On the hearing of this case on oral argument the Court instructed counsel to prepare a proposed decree for entry by the District Court on direction from this Court *on the hypothesis* that the order of the District Court under review had to be reversed, vacated or otherwise set aside and the case remanded to the District Court. Counsel were directed to collaborate with each other in the preparation of this proposed decree and to agree on every item to which there could reasonably be an agreement without sacrificing legal positions, and as to those matters on which they could not agree, then each was to submit his own proposed wording for that particular part or portions together with a memorandum setting for the reasons pro and con. The Court has been informed by Robert L. Flournoy, Esquire, Counsel for the City of Lufkin, that after repeated ef-

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

forts, he has been unable to get any sort of cooperation from his adversary, and at the request of the Court he has made this known to the Court by his letter of July 8, 1971.

The Court regards this as a deliberate unwillingness on the part of counsel for the appellees to comply with the orders of this Court, and accordingly it is ordered:

The appeal is granted, the injunctions heretofore entered by the District Court are vacated and reversed, and the cause is remanded to the District Court which shall retain jurisdiction of the matter to enable it to consider whether on application of the plaintiffs made immediately prior to construction of the sewer treatment facility relief is appropriate or desirable or required within the jurisdiction and power of the United States District Court and any appropriate federal statutes. Costs of the appeal are taxed against the appellees.